CASE 56—EQUITY—FEBRUARY 26, 1881.

# Singer Manufacturing Co. v. Harned, &c.

### APPEAL FROM GRAVES CIRCUIT COURT.

1. The real estate of a *feme covert* will be subjected to the payment of a note executed by her for necessaries for herself and the members of her family, even where the title to the property is acquired by the *feme sole* subsequent to the creation of the debt.
2. A sewing-machine held to be necessary for herself and family.

D. G. PARK AND HUGH RODMAN FOR APPELLANT.

The real estate of appellee, Mrs. Othelda Harned, is liable, under the statute, to satisfy a note executed by her for a sewing-machine. (Gen. Stat., sec. 3, art. 2, chap. 52; Bergen v. Forsyth, 17 B. Mon., 329; Johnson v. Jones, 12 *Ib.*, 329; Pell v. Cole, 2 Met., 253; Monall v. Miller, 3 *Ib.*, 333; Harris v. Dale, 5 Bush, 63; Sharp v. Proctor, 5 *Ib.*, 396; Ford v. Teal, 7 *Ib.*, 157; 9 B. Mon., 500; 1 Bush, 607.)

No brief for appellee.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an action on a note executed by appellants, husband and wife, for a sewing-machine, in which it is sought to subject the interest of the wife in certain real estate. The real estate appears to have been purchased by the wife after the execution of the note, and it appears from the evidence that appellees are housekeepers, and that the wife had no general or separate estate at the time the machine was purchased, and that the husband was insolvent.

Section 2; article 2, chapter 52, of General Statutes provides that the real estate of a married woman shall be liable for such debts "contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her." The Revised Statutes, which were in force at the time the note was executed, contained the same provision, with the addition that the husband should also sign the writing evidencing the indebtedness.

Premising that a sewing-machine, on the facts of this case, properly comes under the head of necessaries, there remains only the question as to whether the general estate of the wife acquired after the creation of such a debt can be subjected to its payment.

When a *feme covert* signs a writing evidencing a debt for which she might bind her separate or general estate, the pre-

sumption is that the writing was intended to bind such estate; otherwise, it is of no effect, as ordinarily she cannot contract, and it must be inferred that something was intended by entering into the agreement. So in this case it must be presumed that Mrs. Harned intended to assume some responsibility, and it is clear from the evidence of appellant's agent that credit was extended to her. Does the fact that she had no general estate at the instant the debt was contracted debar the creditor from pursuing such as she may thereafter have? The legislature has over the rights of married women in this respect absolute control. They may be given all the rights of a *feme sole*, or such rights may be given to them to be exercised in a limited degree; but in construing such acts, we must not lose sight of the object designed to be accomplished, and that object, if manifest, should to the fullest extent control construction. Here the object was clearly to enable the wife to supply the family with necessaries, and as a means to that end she was empowered to use her real estate, not by giving a lien thereon, but by utilizing it as a basis of credit. Her power to contract for the purpose of obtaining necessaries is that of a *feme sole*, with a restricted right to the creditor as to the estate he can subject to enforce the contract. Neither the letter nor the spirit of the statute seems to contemplate that the family shall go without the necessaries of life because the estate of the wife is not in possession. There is no reason for thinking that the legislature intended to say that there might be an enforceable contract in the one case and not in the other. It is not contemplated that the *feme covert* thus dealing shall perpetrate a fraud by retaining her purchase, which is a necessity for the family, without paying for it.

It appears to us that the evidence shows an equitable title: in Mrs. Harned to the lots mentioned in the pleadings that should be subjected to the payment of appellant's claim.

Judgment reversed, and cause remanded with directions: for further proceedings.